# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

CHRISTOPHER L. DAMBRA,

      Plaintiff,

v.                                        Case No. 8:21-cv-1524-JRK

KILOLO KIJAKAZI,[1] Acting
Commissioner of Social Security,

      Defendant.
_____/

## **OPINION AND ORDER**[2]

### I.   Status

Christopher L. Dambra ("Plaintiff") is appealing the Commissioner of the Social Security Administration's ("SSA('s)") final decision denying his claims for disability insurance benefits ("DIB") and supplemental security income ("SSI"). Plaintiff's alleged inability to work is the result of an automobile accident in which he sustained a left knee fracture, as well as depression, peripheral neuropathy, a lower back injury, migraines, and equilibrium problems.

---

[1]    Kilolo Kijakazi is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d), Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted for Andrew Saul as Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2]    The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 15), filed September 15, 2021; Reference Order (Doc. No. 18), entered September 20, 2021.

Transcript of Administrative Proceedings (Doc. No. 16; "Tr." or "administrative transcript"), filed September 15, 2021, at 55-56, 67-68, 88, 101, 286.

On March 9, 2020, Plaintiff protectively filed applications for DIB and SSI. Tr. at 245-48 (DIB), 249-55 (SSI).³ In the DIB application, Plaintiff alleged a disability onset date of September 10, 2019. Tr. at 245. In the SSI application, Plaintiff alleged a disability onset date of March 9, 2020. Tr. at 249. Later in the administrative process, it was determined that Plaintiff's alleged onset disability date for both applications would be September 10, 2019, the approximate date of the automobile accident that caused the majority of Plaintiff's physical issues. See Tr. at 301-02, 330, 338. The applications were denied initially, Tr. at 55-66, 79, 81, 83, 127-30, 132-34 (DIB); Tr. at 67-78, 80, 84, 86, 135-37, 139-41 (SSI), and upon reconsideration, Tr. at 87-99, 113, 115, 117, 144-49, 151-56 (DIB); Tr. at 100-12, 114, 118, 120, 157-62, 164-69 (SSI).⁴

On February 2, 2021, an Administrative Law Judge ("ALJ") held a telephonic hearing, ⁵ during which he heard from Plaintiff, who was represented by counsel, and a vocational expert ("VE"). See Tr. at 33-54 (hearing

---

³ The applications were actually completed on March 24, 2020, see Tr. at 245 (DIB), 249 (SSI); but the protective filing date for both applications is listed in the administrative transcript as March 9, 2020, see Tr. at 55, 67, 87, 100.

⁴ Some of these cited documents are duplicates.

⁵ The hearing was held via telephone with Plaintiff's consent because of extraordinary circumstances presented by the COVID-19 pandemic. Tr. at 36.

2

transcript); Tr. at 121-26 (appointment of representative documents). At the time of the hearing, Plaintiff was forty-four (44) years old. Tr. at 39. On February 23, 2021, the ALJ issued a Decision finding Plaintiff not disabled through the date of the Decision. See Tr. at 20-28.

Thereafter, Plaintiff requested review of the Decision by the Appeals Council. Tr. at 4-5 (Appeals Council exhibit list and order), 241-44 (request for review). On April 30, 2021, the Appeals Council denied Plaintiff's request for review, Tr. at 1-3, making the ALJ's Decision the final decision of the Commissioner. On June 24, 2021, Plaintiff commenced this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) by timely filing a Complaint (Doc. No. 1) seeking judicial review of the Commissioner's final decision.

On appeal, Plaintiff raises as issues 1) "whether the [ALJ] posed a complete hypothetical question to the [VE]"; 2) "whether the Commissioner adequately developed the record regarding Plaintiff's mental impairments"; and 3) "whether the Commissioner reasonably relied upon the testimony of the [VE]." Joint Memorandum (Doc. No. 21; "Joint Memo"), filed February 28, 2022 at 5, 10, 14 (some capitalization omitted). After a thorough review of the entire record and consideration of the parties' arguments, the undersigned finds that the Commissioner's final decision is due to be affirmed.

## II.   The ALJ's Decision

When determining whether an individual is disabled,[6] an ALJ must follow the five-step sequential inquiry set forth in the Regulations, determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. §§ 404.1520, 416.920; see also Simon v. Comm'r, Soc. Sec. Admin., 7 F.4th 1094, 1101-02 (11th Cir. 2021) (citations omitted); Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step inquiry. See Tr. at 22-27. At step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since September 10, 2019, the alleged onset date." Tr. at 22 (emphasis and citation omitted). At step two, the ALJ found that Plaintiff "has the following severe impairments: left tibia fracture, scoliosis, headache, and

---

[6] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

depression." Tr. at 22 (emphasis and citation omitted). At step three, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 23 (emphasis and citation omitted).

The ALJ determined that Plaintiff has the following residual functional capacity ("RFC"):

> [Plaintiff can] perform light work as defined in 20 [C.F.R. §§] 404.1567(b) and 416.967(b) except he can occasionally climb ladders, ropes, scaffolds, ramps, and stairs, balance, stoop, kneel, crouch, and crawl. [Plaintiff] needs to avoid concentrated exposure to extreme cold, extreme heat, excessive vibration, pulmonary irritants such as fumes, odors, dust, and gases, and hazards. [Plaintiff] can understand, remember, carryout, and perform simple, routine tasks and instructions, reasoning level 1 or 2.

Tr. at 24 (emphasis omitted).

At step four, the ALJ relied on the VE's hearing testimony and found that Plaintiff "is unable to perform any past relevant work" as a "Construction Worker II." Tr. at 26 (some emphasis and citation omitted). The ALJ then proceeded to the fifth and final step of the sequential inquiry. Tr. at 26-27. After considering Plaintiff's age ("42 years old . . . on the alleged disability onset date"), education ("at least a high school education"), work experience, and RFC, the ALJ relied on the VE's testimony and found that "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform,"

5

Tr. at 26, such as "Ticket Taker" and "Flagger," Tr. at 27 (some emphasis omitted). The ALJ concluded Plaintiff "has not been under a disability . . . from September 10, 2019, through the date of th[e D]ecision." Tr. at 27 (emphasis and citation omitted).

### III. Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019); Samuels v. Acting Comm'r of Soc. Sec., 959 F.3d 1042, 1045 (11th Cir. 2020) (citation omitted). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation

omitted). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV.  Discussion

### A. Hypothetical to VE

Plaintiff argues the ALJ erred in posing the hypothetical to the VE. Joint Memo at 5-7. According to Plaintiff, "It is unclear how the severe non-exertional impairments of depression, with moderate limitations in concentrating, persisting, or maintaining pace, translate into an ability to understand, remember, carry out, and perform simple, routine tasks and instructions, reasoning level 1 or 2." Id. at 6. Responding, Defendant contends that the record does not support any limitations beyond what the ALJ included in the hypothetical to the VE, and Plaintiff does not offer any possible limitations. Id. at 9-10.

An ALJ poses a hypothetical question to a VE as part of the step-five determination of whether the claimant can obtain work in the national economy. See Wilson v. Barnhart, 284 F.3d 1219, 1227 (11th Cir. 2002). When the ALJ relies on the testimony of a VE, "the key inquiry shifts" from the RFC assessment in the ALJ's written decision to the adequacy of the RFC description contained in the hypothetical posed to the VE. Brunson v. Astrue, 850 F. Supp.

7

2d 1293, 1303 (M.D. Fla. 2011) (quoting Corbitt v. Astrue, No. 3:07-cv-518-HTS, 2008 WL 1776574, at *3 (M.D. Fla. Apr. 17, 2008) (unpublished)).

In determining an individual's RFC and later posing a hypothetical to a VE that includes the RFC, the ALJ "must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" SSR 96-8P, 1996 WL 374184 at *5; see also 20 C.F.R. § 404.1545(a)(2); Swindle v. Sullivan, 914 F.2d 222, 226 (11th Cir. 1990) (stating "the ALJ must consider a claimant's impairments in combination" (citing 20 C.F.R. § 404.1545; Reeves v. Heckler, 734 F.2d 519, 525 (11th Cir. 1984))). "In order for a [VE]'s testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." Wilson, 284 F.3d at 1227 (citing Jones v. Apfel, 190 F.3d 1224, 1229 (11th Cir. 1999)); see also Loveless v. Massanari, 136 F. Supp. 2d 1245, 1250 (M.D. Ala. 2001). While the hypothetical question must include all of the claimant's impairments, it need not include impairments properly rejected by the ALJ. See McSwain v. Bowen, 814 F.2d 617, 620 n.1 (11th Cir. 1987). Moreover, "questions that 'implicitly account[ ] for the claimant's limitations' are sufficient to meet this requirement." Henry v. Comm'r, Soc. Sec. Admin., 802 F.3d 1264, 1269 (11th Cir. 2015) (quoting Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1180-81 (11th Cir. 2011)); see also Thornton v. Comm'r, Soc. Sec. Admin., 597 F. App'x 604, 612 (11th Cir. 2015).

In Winschel, the Court of Appeals for the Eleventh Circuit found error in an ALJ's decision because the ALJ determined the claimant had "a moderate limitation in maintaining concentration, persistence, and pace" but "did not indicate that medical evidence suggested [the claimant's] ability to work was unaffected by this limitation, nor did he otherwise implicitly account for the limitation in the hypothetical [to the VE]." 631 F.3d at 1179. According to the Eleventh Circuit, "the ALJ should have explicitly included the limitation in his hypothetical question to the [VE]." Id. Nevertheless, the Eleventh Circuit suggested that in other appropriate circumstances, an ALJ may properly find that the medical evidence of record supports only an RFC limitation of unskilled work despite moderate limitations in concentration, persistence, or pace. See id. (citations omitted) (collecting cases finding that "when medical evidence demonstrates that a claimant can engage in simple, routine tasks or unskilled work despite limitations in concentration, persistence, and pace, courts have concluded that limiting the hypothetical to include only unskilled work sufficiently accounts for such limitations").

Post-Winschel, the Eleventh Circuit (albeit in unpublished opinions) has recognized that a moderate limitation in concentration, persistence and pace can be sufficiently accounted for by posing a hypothetical to a VE that limits an individual to simple, unskilled work (or something similar) when the medical evidence demonstrates an ability to perform such work. See, e.g., Mijenes v.

9

Comm'r of Soc. Sec., 687 F. App'x 842, 846 (11th Cir. 2017) (finding that "[b]ecause the medical evidence showed that [the claimant] could perform simple, routine tasks despite her limitations in concentration, persistence, and pace, the ALJ's limiting of [the claimant's RFC] to unskilled work sufficiently accounted for her moderate difficulties in concentration, persistence, and pace" (citation omitted)); Timmons v. Comm'r of Soc. Sec., 522 F. App'x 897, 907-08 (11th Cir. 2013) (approving of a limitation to "simple, one-two step task[s with] only occasional contact with the public, coworkers, and supervisors" as accounting for moderate limitation in concentration, persistence and pace in light of opinions of two non-examining psychologists' opinions supporting the finding); Jacobs v. Comm'r of Soc. Sec., 520 F. App'x 948, 951 (11th Cir. 2013) (finding a limitation "to one to three step non-complex tasks" sufficiently accounted for moderate limitation in concentration, persistence, and pace); Washington v. Soc. Sec. Admin., Comm'r, 503 F. App'x 881, 883 (11th Cir. 2013) (finding a limitation "to performing only simple, routine repetitive tasks with up to three-step demands, and only occasional changes in the work setting, judgment, or decision making" was sufficient to account for moderate limitation in maintaining concentration, persistence, and pace); Scott v. Comm'r of Soc. Sec., 495 F. App'x 27, 29 (11th Cir. 2012) (distinguishing Winschel and finding that "the medical evidence demonstrated that [the claimant] could engage in simple, routine tasks or unskilled work despite moderate limitations in

concentration, persistence, and pace"); Jarrett v. Comm'r of Soc. Sec., 422 F. App'x 869, 871 (11th Cir. 2011) (finding that the limitations of simple tasks and only being able to concentrate for brief periods of time accounted for the claimant's moderate difficulties in concentration, persistence, and pace); see also, e.g., Davis v. Comm'r of Soc. Sec., 11 F. Supp. 3d 1154, 1159 (M.D. Fla. 2014) (recognizing Winschel's approval of limiting a hypothetical to unskilled work—despite moderate limitations in concentration, persistence, and pace— when the medical evidence supports it); Dawson v. Comm'r of Soc. Sec., No. 6:11-cv-1128-GAP-KRS, 2012 WL 1624267 (M.D. Fla. May 9, 2012) (unpublished) (collecting cases which recognize that the inclusion of limitations such as work involving simple tasks and/or simple instructions properly accounts for moderate limitations in concentration, persistence, and pace), aff'd, 528 F. App'x 975 (11th Cir. 2013).

Here, the ALJ found with regard to concentrating, persisting, or maintaining pace, that Plaintiff "has moderate limitation." Tr. at 23. The RFC and the hypothetical posed to the VE limit Plaintiff to "understand[ing], remember[ing], carry[ing] out, and perform[ing] simple, routine tasks and instructions, reasoning level 1 or 2." Tr. at 24 (emphasis omitted) (Decision); Tr. at 50-51 (hypothetical). Moreover, in finding at step five that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, the ALJ identified jobs that are unskilled work ("Ticket Taker" and "Flagger").

11

Tr. at 27; see SSR 00-4p, 2000 WL 1898704, at *3 (stating "unskilled work corresponds to a[ Specific Vocational Preparation ("SVP") level] of 1-2"). The ALJ properly accounted for Plaintiff's moderate limitations in concentration, persistence, and pace by incorporating in the RFC (and the hypothetical to the VE) the limitation of "understand[ing], remember[ing], carry[ing] out, and perform[ing] simple, routine tasks and instructions, reasoning level 1 or 2," Tr. at 23 (emphasis omitted), and finding Plaintiff can perform unskilled work, Tr. at 27. See, e.g., Winschel, 631 F.3d at 1179; Scott, 495 F. App'x at 29.

### B. Failure to Develop Record on Mental Impairments

Plaintiff argues the SSA failed to adequately develop the record regarding his mental impairments because the ALJ declined to order a consultative examination. Joint Memo at 10-12. Responding, Defendant argues the ALJ did not err in electing not to order a consultative examination, and the record does not contain any evidentiary gaps resulting in unfairness or clear prejudice. Id. at 12-14.

"It is well-established that the ALJ has a basic duty to develop a full and fair record." Ellison v. Barnhart, 355 F.3d 1272, 1276 (11th Cir. 2003) (citing 20 C.F.R. § 416.912(d)). "Nevertheless, the claimant bears the burden of proving that he [or she] is disabled, and, consequently, he [or she] is responsible for producing evidence in support of his [or her] claim." Id. (citing 20 C.F.R. § 416.912(a), (c)). While "[t]he [ALJ] has a duty to develop the record where

12

appropriate[,]" the ALJ "is not required to order a consultative examination as long as the record contains sufficient evidence for the [ALJ] to make an informed decision." Ingram v. Comm'r of Soc. Sec., 496 F.3d 1253, 1269 (11th Cir. 2007) (citing Doughty, 245 F.3d at 1281). To remand a case for the ALJ's failure to fully develop the record, there must be a showing that the claimant's right to due process has been violated because of such failure. Brown v. Shalala, 44 F.3d 931, 934-35 (11th Cir. 1995) (citing Kelley v. Heckler, 761 F.2d 1538, 1540 (11th Cir. 1985)). Prejudice exists if the record contains evidentiary gaps which may cause the ALJ to reach an unfair determination due to the lack of evidence, id. at 935, or if "the ALJ did not consider all of the evidence in the record in reaching his decision," Kelley, 761 F.2d at 1540.

Upon review, the undersigned finds the ALJ fulfilled his duty to develop a full and fair record, and furthermore, no prejudice resulted from the ALJ's assessment of Plaintiff's limitations based on the record. The evidence in the administrative transcript provided enough information upon which to base the mental RFC determination. As the ALJ noted, at the time of the Decision, Plaintiff did "not have any current treatment for his mental impairments." Tr. at 23. The records from previous treatment were generally unremarkable from a mental perspective, as the ALJ found. Tr. at 23 (citations omitted); see Tr. at 494-97, 503-12, 517-25. State agency psychologists found Plaintiff did not even have a severe mental impairment, see Tr. at 60, 72, 93, 106, but the ALJ gave

13

Plaintiff the benefit of the doubt and assigned some mental limitations in the RFC, Tr. at 26. Even if the ALJ did err by electing not to order a consultative mental examination, Plaintiff has not shown prejudice requiring remand. No evidentiary gaps exist in the record. The ALJ did not commit reversible error in this regard.

### C. VE Testimony Regarding Work Plaintiff Can Perform

Plaintiff argues the ALJ erred in relying on the VE's testimony that he can perform the job of "Flagger." Joint Memo at 14-18. A flagger signals with a checkered flag at the starting line of horse races to notify the racing timer when to start timing the race. See DOT 372.667-026. According to Plaintiff, it is unreasonable to assert, as the VE did, that there are 4,370 flagger positions in the national economy. See Joint Memo at 15. In making this argument, Plaintiff relies on articles about the horse racing industry that are not included in the administrative transcript. See id. at 16 n. 4, 5. Responding, Defendant contends the ALJ appropriately relied on the VE's testimony, and the step five findings are supported by substantial evidence. Id. at 18-23. Defendant further argues the Court should not look outside the administrative transcript in considering this issue. Id. at 21-23.

Plaintiff does not challenge the requirements of the flagger job as being inconsistent with the description set forth in the DOT, instead relying on outside articles for this contention. But, this Court cannot rely on information

14

that is not included in the administrative transcript in deciding whether the step five findings are adequately supported. Moreover, Plaintiff's counsel had the opportunity to ask the VE questions during the hearing if counsel believed the VE's cited number of jobs was inaccurate, but counsel did not do so. See Tr. at 53. In any event, Plaintiff does not challenge the other job relied upon by the VE and the ALJ at step five. This job, Ticket Taker, has 38,627 jobs available nationally. See Tr. at 51 (VE testimony), 27 (ALJ's Decision). The ticket taker job alone carries enough jobs nationally upon which the ALJ's step five findings could be based. There is no reversible error at step five.

## V.   Conclusion

After a thorough review of the entire record, the undersigned finds that the ALJ's Decision is supported by substantial evidence. Based on the foregoing, it is

**ORDERED**:

1.   The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), as well as § 1383(c)(3), **AFFIRMING** the Commissioner's final decision.

    2.    The Clerk is further directed to close the file.

**DONE AND ORDERED** in Jacksonville, Florida on September 26, 2022.

                                              JAMES R. KLINDT
                                  United States Magistrate Judge

kaw
Copies:
Counsel of Record